

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------
OEC FREIGHT (NY) INC.,

               Plaintiff,

     - against -

STANLEY FURNITURE COMPANY, INC. and
STEPHEN WOLFE,

              Defendants.
---------------------------------

20 Civ. 9556 (LLS)

OPINION & ORDER

    Plaintiff OEC Freight (NY) Inc.[1] ("OEC Freight") filed a Complaint against defendants Stanley Furniture Company, Inc. ("Stanley Furniture") and Stephen Wolfe, (together "defendants") alleging breach of contract, unjust enrichment, and account stated. Neither Stanley Furniture nor Wolfe answered or otherwise responded to the Complaint. OEC freight obtained the clerk's certificate of default against Stanley Furniture and Wolfe and now moves for default judgment, which Stanley Furniture and Wolfe opposed. That opposition serves as a motion to vacate the default entered against Stanley Furniture and Wolfe.

---

[1] Plaintiff OEC Freight alternates between referring to itself as OEC Freight (NY) Inc. and Ocean Freight (NY) Inc. For consistency, the Court refers to plaintiff as OEC Freight.

**Facts**

Stanley Furniture was a furniture store operating at 200 N. Hamilton Street, High Point, NC 27260 (the "Hamilton address"). On March 1, 2018, Stanley Furniture sold all its assets, including its name, to Churchill Downs, LLC. Following that sale, Stanley Furniture changed its name to HG Holdings, Inc. ("HGH"). That name change was filed with the North Carolina Secretary of State on April 20, 2018. Around that time, HGH moved its business from the Hamilton address to 2115 East 7th Street, Charlotte, North Carolina (the "7th Street address"). Public records reflect that change.

After Churchill Downs, LLC bought the assets of Stanley Furniture, Churchill Downs, LLC changed its name to Stanley Furniture Company, LLC. (emphasis added) ("Stanley, LCC"). Since then, Stanley, LLC (and not HGH) has operated a furniture company at the Hamilton address, while HGH operated at the 7th Street address.

On Nov 13, 2020, OEC Freight, an ocean carrier, commenced this action against Stanley Furniture (now HGH), and Stephen Wolfe, an employee of the now defunct Stanley Furniture, for breach of contract, account stated, and unjust enrichment. (Dkt. No. 5). OEC Freight alleges that it entered a contract with Stanley Furniture in May 2017 to ship Stanley Furniture's

products from Vietnam to Norfolk, Virginia, but was never paid for its services and related expenses. Id.

On April 21, 2021, OEC Freight submitted an Affidavit of Service for Stanley Furniture, which states that a service processor served Stanley Furniture at the Hamilton address, and not the 7th Street address where it now operates as HGH. (Dkt. No. 8).

On May 17, 2021, OEC Freight submitted an Affidavit of Service for Wolfe, which states that on May 7, 2021, a servicer left the Complaint and Summons with a Jane Doe at a residential address. (Dkt. No. 11). That Affidavit labels the Jane Doe as a co-resident or spouse of Wolfe and states that the Complaint and Summons were also mailed to the same address. Id.

Neither Stanley Furniture nor Wolfe responded to the Complaint. On September 22, 2021, the court clerk entered a certificate of default against Stanley Furniture and Wolfe. On November 9, 2022, OEC Freight filed a motion for default judgment. On November 28, 2022, HGH (acting on behalf of Stanley Furniture) opposed the motion for default judgment. In its opposition, HGH states that it only became aware of the suit on or about November 18, 2022, when Wolfe informed HGH of the suit after he received notice of the Motion for Default Judgment in the mail on November 15, 2022.

## Legal Standards

Federal Rule of Civil Procedure 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 513-14 (2d Cir. 2001). The entry of default is a distinct step from the later entry of default judgment.

When a default has been entered and a motion for default judgment has been filed, an "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of default despite the absence of a formal Rule 55(c) motion." E.g., Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). Therefore, when considering a motion for default judgment that has been opposed, courts "apply the Rule 55(c) standard for setting aside the entry of a default" and vacate a default (and thereby deny the motion for default judgment) for "good cause." Id. To determine whether good cause exists, "the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Powerserve, 239 F.3d at 513-14 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993)). Because there

is "preference for resolving disputes on the merits," any doubts "should be resolved in favor of the defaulting party." Id.

An entry of default must also be set aside as a matter of law if it was obtained by defective service. Wandel v. Gao, 2022 WL 61867, at *2 (S.D.N.Y. Jan. 6, 2022) (internal citations omitted). "This is because a Court must have personal jurisdiction over a defendant to enter a default judgment; and personal jurisdiction, in turn, requires proper service of process." Id.

## Analysis

### I. Ineffective Service

The entry of default against Stanley Furniture is vacated because it was improperly served. Even though OEC Freight submitted an affidavit of service, which establishes a prima facie case for proper service, HGH, acting on behalf of Stanley Furniture, provided a declaration that stated that Stanley Furniture was not only served at the incorrect address but also no longer exists. Wandel, 2022 WL 61867, at *2 (quoting Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002)). That sworn denial of receipt of service specifically rebuts the Affidavit from the service processor, which provided a different service address and stated that a corporate manager of Stanley Furniture accepted furniture. That rebuttal negates the presumption of proper service. Id. With no

other evidence of proper service presented, service is improper and there is no personal jurisdiction over Stanley Furniture. The entry of default against Stanley Furniture is vacated.

However, Wolfe has not sufficiently challenged the service of process on him. Although he submitted a declaration in which he denies service, his denial of service does not specifically rebut the service processor's description of events. (Dkt. No. 28). Wolfe does not dispute that a Jane Doe lived at that address, that the Jane Doe received the Complaint and Summons, nor that the Complaint and Summons were mailed to him. Id. Wolfe's declaration simply states that "he was not aware of the case." Id. But to overcome the presumption of proper service, a denial of receipt of service must include "specific facts to rebut the statements in the process server's affidavits." Old Republic, 301 F.3d at 57.

The entry of default against Wolfe will not be vacated on the ground of improper service.

Therefore, good cause must exist in order to vacate the entry of default against Wolfe.

**II. Good Cause**

The court has discretion to weigh three factors (willfulness, prejudice, and the presence of a meritorious defense) to determine whether there is good cause to vacate an

entry of default. <u>Sea Hope Navigation Inc. v. Novel Commodities SA</u>, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013).

### A. Willfulness

Wolfe's quick actions upon his receipt of the notice of default judgment is a key indicator that his default was not willful. <u>Wandel</u>, 2022 WL 61867, at *4 (internal citations and quotations omitted). Within days of receiving notice of the motion for default judgment, Wolfe alerted HGH to the suit and hired an attorney, who quickly opposed the motion for default judgment. This "prompt application for a motion to set aside an entry of default suggests that the default was not willful." <u>Id</u>.

OEC Freight points only to Wolfe's "non-appearance in this action and failure to respond to the Complaint—which was served over one year and five months ago" as evidence that Wolfe's default was willful. OEC Freight Mot. at 4 (Dkt. No. 21). But that argument simply states that Wolfe defaulted and fails to explain how Wolfe's failure to respond was "egregious or deliberate conduct," such as making a "strategic decision to default," which is required to find that Wolfe defaulted willfully. <u>Am. All. Ins. Co. v. Eagle Ins. Co.</u>, 92 F.3d 57, 60 (2d Cir. 1996).

### B. Prejudice

OEC Freight asserts that it will be prejudiced because it "has expended significant resources prosecuting this matter" and

7

"absent court intervention, plaintiff will likely be unable to recover the debt owed." OEC Freight Mot. at 5. Both arguments fail.

OEC Freight's claim that it has expended significant resources to prosecute this matter is not a "legally cognizable prejudice" that will be suffered if this action is revived. Sea Hope, 978 F. Supp. 2d at 339 (rejecting an argument that "costly and protracted litigation" is not prejudice that supports a motion for default judgment). OEC Freight's argument is also undermined by its failure to promptly prosecute this action. After receiving the clerk's default, OEC Freight waited well over a year to file this motion for default judgment, which "strongly suggests that some further delay will not unduly prejudice it." Enron Oil Corp., 10 F.3d at 98.

Additionally, OEC Freight will not be prevented from recovering the debt owed; now that Wolfe has responded, it will have the opportunity to litigate its case on the merits, the preferred method for resolving disputes.

### C. Meritorious Defense

Finally, Wolfe has put forward two meritorious defenses to OEC Freight's claims: (1) that he was never a party to the contract at issue and (2) that he was never an officer, director, or owner of Stanley Furniture so should not be personally liable for any obligations under a contract. If

8

proven at trial, those defenses could be a complete defense to OEC Freight's claims. Enron Oil Corp., 10 F.3d at 98 (the "test" for a meritorious defense is whether "the evidence submitted if proven at trial, would constitute a complete defense.").

However, Wolfe must support his defenses with more than a "conclusory denial," id, and "articulate a defense with a degree of specificity." Sea Hope, 978 F. Supp. 2d at 339. Wolfe supports his defenses with only a declaration that states, "I have never been an officer, director, or owner of either Stanley Furniture Company, Inc. or Stanley Furniture Company, LLC, and to the best of my knowledge, I have never signed any documentation that would have made me personally liable for any debts of either of those companies." But the threshold for evidence in support of a defense is "low." Wandel, 2022 WL 61867, at *5. As these statements go beyond a simple denial of the claims against Wolfe, and given that any doubts must be resolved in favor of Wolfe, his proposed defenses are meritorious.

Balancing all three factors, there is good cause to vacate the entry of default against Wolfe.

### III. Timeliness

OEC Freight argues in the alternative that HGH and Wolfe's opposition to the motion for default judgment is untimely under Local Civil Rule 6.1. However, Local Rule 6.1 and FRCP 6 add

9

three additional days to respond a motion for default judgment when service is by mail. In light of those additional days, the opposition to the motion for default is timely.

## Conclusion

The motion for default judgment is denied and the clerk's certificate of default is vacated.

So Ordered.

Dated: New York, New York
April 25, 2023

          Louis L. Stanton
          LOUIS L. STANTON
          U.S.D.J.